## BROWN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. RAILROADS (§ 316*)—ACCIDENTS AT CROSSINGS—SPEED AT CROSSINGS.

    A railroad may lawfully run its passenger trains at a high speed over a highway crossing in a country district.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1007; Dec. Dig. § 316.*]

2. RAILROADS (§ 312*)—CROSSING ACCIDENTS—SIGNALS.

    A passenger train is bound to give reasonable warning of its approach to a highway crossing, but not necessarily to give warning by whistle; but it may do so by any other proper method, as by ringing the bell, by gates, etc., though warning by whistle would be sufficient.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 990; Dec. Dig. § 312.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENTS—ACTIONS—JURY QUESTION—SUFFICIENCY OF WARNING.

    In an action against a railroad for injuries in a crossing accident, whether a warning by ringing the bell was sufficient, without blowing the whistle, *held* for the jury.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1161; Dec. Dig. § 350.*]

4. RAILROADS (§ 351*)—CROSSING ACCIDENT—INSTRUCTIONS—APPLICABILITY TO ISSUES.

    In an action against a railroad for injuries at a crossing, where the company claims to have given crossing signals in only one way, it is proper to instruct that, if the signals were not given in that way, the company was negligent.

    [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 351.*]

Appeal from Trial Term, Suffolk County.

Action by Joseph Brown against the Long Island Railroad Company. From a judgment for plaintiff, defendant appealed. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

William C. Beecher, for appellant.

Martin T. Manton, for respondent.

RICH, J. This appeal is from a judgment awarding damages to the plaintiff for injuries received in consequence of a collision between the vehicle in which he was riding and the locomotive attached to one of defendant's passenger trains. The accident occurred on a highway crossing, over which defendant's locomotive passed at a high rate of speed.

There was a conflict in the evidence as to whether any signal was given as the train approached the crossing. The engineer testified that the locomotive was equipped with an automatic bell attachment, that the bell was ringing at the time, and that he blew the whistle as he approached the crossing; and several witnesses were called by the plaintiff, who testified that they did not hear either the bell or the whistle. It was not unlawful for the defendant to run its train at a

---

high rate of speed at this crossing; but it was bound to give reasonable warning of its approach, not necessarily by blowing the whistle, though such a warning at the time would have been sufficient. The learned justice presiding at the trial charged the jury as follows:

"You are to decide whether you believe he did blow his whistle as he said he did or whether he did not. If he did not blow his whistle then this company would be negligent, and then the only other question would be whether or not the boy contributed to the accident."

This was error. It cannot be held as matter of law that the defendant was negligent in failing to blow the whistle. This was a question of fact for the jury to determine in considering the question as to whether reasonable warning was given. It was incumbent on the defendant to give reasonable and timely warning. This might be given in a number of ways. It would be for a jury, however, to say whether it was sufficient and timely. In the case under consideration the jury might have found that the ringing of the bell, if it was rung, was sufficient. They were not permitted to pass upon that, but told that the defendant was negligent if the whistle was not blown. This was such an error as to call for a reversal of the judgment.

The judgment and order must be reversed, and a new trial granted, costs to abide the event. All concur.

GAYNOR, J. (concurring). It is true that a railroad company may discharge its duty of giving reasonable warning of the approach of its trains to a highway crossing in various ways, such as by a flagman, by gates, by a bell at the crossing, or by locomotive whistle or bell; it being for the jury to say whether the warning given was sufficient. But when it claims to have resorted to only one of the ways, it is entirely proper to charge the jury that unless it did use that way it was guilty of negligence. This is obvious, and yet is overlooked often in charges. And in the same way, if it claims to have resorted to more than one way, the charge has to be that if it used any one or more of them it is for the jury to say whether they were reasonably sufficient. Now in this case the defendant produced evidence that it used locomotive bell and whistle. The learned trial judge at the outset charged as follows:

"The negligence that you must find the defendant guilty of to entitle the boy to recover will be that the railroad company, through its engineer, did not whistle as he approached that crossing the proper distance from the crossing * * * or that the bell was not rung."

This took from the jury the question whether if the defendant did either that did not suffice. It did not claim to have given any other warning, and was therefore at all events remiss in its duty if it gave neither; but that it had to give both was for the jury, not the court, to say. Later the learned trial judge charged as is set out in Mr. Justice RICH'S opinion, which conveyed to the jury as matter of law that the whistle, at all events, could not be omitted. There are other things in the charge which make it impossible to pass these errors over.